# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL FAULKNER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0853** (BOR Appeal No. 2048270)
(Claim No. 2012013277)

**DANNY K. HUKILL, ET AL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Faulkner, by Jonathan C. Bowman his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Danny C. Hukill, *et al*, by Harry W. Rosensteel, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 23, 2013, in which the Board affirmed a March 21, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 17, 2012, decision to close the claim for temporary total disability benefits. The Office of Judges also affirmed the claims administrator's August 21, 2012, decision to not authorize an MRI of the cervical spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Faulkner, an employee for Danny C. Hukill, was injured on September 12, 2011, when his head was pinned between an excavator and a large propane tank. Mr. Faulkner was taken to Allegheny General Hospital where he was diagnosed with a facial fracture, a cervical strain, and a lumbar strain. Mr. Faulkner reported to Patrick Smith, M.D., on May 25, 2012, for an independent medical examination. Dr. Smith determined from an orthopedic standpoint that Mr. Faulkner was at his maximum degree of medical improvement and was capable of working

without any restrictions. Mr. Faulkner also reported to Kent Galey, D.M.D., on June 21, 2012, for an independent medical examination. Dr. Galey opined from a maxillofacial standpoint that Mr. Faulkner could return to work without restriction. The claims administrator closed the claim for temporary total disability benefits on July 17, 2012, based upon the reports of Dr. Smith and Dr. Galey. Mr. Faulkner protested. Dr. Ravinder Chopra, M.D., requested an MRI of Mr. Faulkner's spine. On August 21, 2012, the claims administrator denied the request for an MRI of the cervical spine because it was already determined that Mr. Faulkner had reached his maximum degree of medical improvement. Mr. Faulkner protested.

The Office of Judges concluded that Mr. Faulkner's temporary total disability benefits were properly terminated. The Office of Judges noted that Dr. Smith and Mark Fye, M.D., both agreed that, from an orthopedic standpoint, Mr. Faulkner had reached his maximum degree of medical improvement and could return to work without modification. The Office of Judges then examined the report of Dr. Galey who concluded from a maxillofacial standpoint that Mr. Faulkner was at his maximum degree of medical improvement and could return to work without modification. The Office of Judges also considered the report of Dr. Chopra. Dr. Chopra opined that Mr. Faulkner was not at his maximum degree of medical improvement and could not return to work. Dr. Chopra did not attach any medical evidence or explanation to support his conclusion. The Office of Judges determined that the consistent reports of Dr. Smith, Dr. Fye, and Dr. Galey were more persuasive than the report of Dr. Chopra. Accordingly, the Office of Judges determined that temporary total disability benefits were properly terminated. The Office of Judges also determined that an MRI of his cervical spine was not reasonably required medical treatment because Mr. Faulkner had already reached his maximum degree of medical improvement for his cervical spine injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Dr. Galey determined from a maxillofacial standpoint that Mr. Faulkner was at his maximum degree of medical improvement and could return to work without restriction. Mr. Faulkner has not offered sufficient credible medical evidence to the contrary. From an orthopedic standpoint, Dr. Smith and Dr. Fye agreed that Mr. Faulkner had reached his maximum degree of medical improvement. The orthopedic examinations performed by Dr. Smith and Dr. Fye are more persuasive than the unsupported assertion made by Dr. Chopra that Mr. Faulkner is disabled. Since Mr. Faulkner has reached his maximum degree of medical improvement, as it relates to his September 7, 2011, injury, an MRI is not related to the injury and was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum